UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LORENZO DUWAN SMITH,
Booking #25730963,

Plaintiff,

v.

SAN DIEGO SUPERIOR COURTS,

Defendant.

Case No.:  25-cv-2365-RSH-VET

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)(1)**

[ECF No. 2]

Plaintiff Lorenzo Duwan Smith, proceeding pro se while detained at the San Diego Central Jail ("SDCJ"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks $22 million in damages against the San Diego Superior Court for allegedly "making [him] serve two sentences" after he was found guilty of residential burglary on May 5, 2023. *Id.* at 2, 3. Plaintiff has not paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, but instead has filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

For the reasons explained, the Court **GRANTS** Plaintiff's motion to proceed IFP, but **DISMISSES** his Complaint without leave to amend.

///

1

## I.      MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee and an additional administrative fee of $55, unless granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners." *Hymas*, 73 F.4th at 767. Namely, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner 'shall be required to pay the full amount of a filing fee.'" *Id.* (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "shall assess and when funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one

25-cv-2365-RSH-VET

lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's IFP application complies with both 28 U.S.C. § 1915(a)(1) and (2). Attached to his IFP affidavit is a prison certificate issued by an SDCJ deputy. *See* ECF No. 2 at 4; *see also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows Plaintiff had no money credited to his account during the 6-month period immediately preceding the filing of his complaint, and had an available balance of only $.06 at the time of filing. ECF No. 2 at 4.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The SDCJ, or any agency later having custody, must hereafter collect the full balance of the $350 total fee owed in this case and forward payments to the Clerk of Court as provided by 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h) and is proceeding IFP, his complaint requires preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)); *see also Hebrard v. Nofziger*, 90 F.4th 1000, 1006–07 (9th Cir. 2024)

(citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The standard for dismissal for prisoner claims at screening is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A screening "incorporates the familiar standard applied in the contest of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

Federal Rule of Civil Procedure 8 "prescribes the information a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk v. Choy*, 607 U.S. __, __ S. Ct. __, No. 24-440, 2026 WL 135974, at *4 (U.S. Jan. 20, 2026). Thus, Rules 8 and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* Dismissal "under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Valame v. Trump,* 157 F.4th 1172, 1173 (9th Cir. 2025) (per curiam) (citing *Somers v. Apple, Inc.* 729 F.3d 953, 959 (9th Cir. 2013)).

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

///

///

4

## B.    Factual Allegations

Plaintiff's allegations are not entirely clear, but he claims to have been found guilty of residential burglary on May 5, 2023, with a "hot prowl" allegation, and to have also "pleaded out" to a deal after trial by which he would "have all [his] strikes struck," and be sentenced to a low-term 2-year sentence. ECF No. 1 at 3. Plaintiff believed this would result in his serving only half that time, but he was nevertheless "kidnapped" and "illegally ma[de] to serve two sentences," in violation of his Fifth, Sixth, and Fourteenth Amendment rights. *Id.* at 3–4. He seeks $22 million in damages from the San Diego Superior Court pursuant to 42 U.S.C. § 1983 due to this "mistake." *Id.* at 3, 7.

## C.    Discussion

Plaintiff's complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) without leave to amend because it is clear from the face of his pleading that suit is barred by both the Eleventh Amendment and *Heck v. Humphrey*, 512 U.S. 477 (1994).

### 1.    Eleventh Amendment Immunity

First, to the extent Plaintiff's § 1983 suit seeks monetary damages and he names only the San Diego Superior Court as a Defendant, it must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). *See Chavez v. Robinson*, 817 F.3d 1162, 1167–69, (9th Cir. 2016) (noting § 1915(e)(2)(B)(iii) "mandates early review" and requires dismissal if it is clear from the face of the complaint that the governmental defendants are immune).

"In our constitutional scheme, a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 254 (2020). This prohibition applies when either the "state or the 'arm of a state' is a defendant." *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (citation omitted); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (holding that "'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court," *Dittman v. California*, 191 F.3d 1020, 1025–26

(9th Cir. 1999) (citation omitted), and the Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Id.* (citing *Kentucky v. Graham,* 473 U.S. 159, 169 n.17 (1985)). Thus, "[b]ecause the Superior Court is an arm of the state—and no exception applies to the rule prohibiting suits against the state—it has Eleventh Amendment immunity." *Munoz*, 91 F.4th at 980; *see also Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

### 2.    *Heck's* "Favorable Termination" Requirement

Second, Plaintiff seeks to challenge the constitutional validity of a criminal sentence he alleges violated the terms of a post-conviction plea agreement by way of § 1983, but does not also show that sentence has already been invalidated. ECF No. 1 at 3–4. Thus, even if he named a proper Defendant, a *Heck* bar is "obvious from the face of his complaint," and his suit also requires *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Hebrard*, 90 F.4th at 1007 (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (noting that a court may properly dismiss a *Heck*-barred claim [for failing to state a claim "if there exists an 'obvious bar to securing relief on the face of the complaint.'")).

The *Heck*-bar, or "required favorable termination rule, is a rule of preclusion named after *Heck v. Humphrey*—the Supreme Court case that outlined the doctrine." *Hebrard*, 90 F.4th at 1007. In *Heck*, the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (emphasis in original).

In short, "*Heck*'s 'favorable termination' rule is based on the 'hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *King v. R. Villegas,* 156 F.4th 979, 983 (9th Cir. 2025) (quoting *Heck*, 512 U.S. at 486 & n.5). Thus, if a prisoner seeks relief in federal court based on claims that fall "within the core of habeas corpus," *Nance v. Ward,* 597 U.S. 159, 160 (2022) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)), and a grant of relief would "necessarily imply the invalidity of his conviction or sentence," a habeas corpus petition, and not a civil rights suit, serves as the "exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 487–89 ("[A] state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus."); *accord McDonough v. Smith*, 588 U.S. 109, 118 n.6 (2019) (noting "Congress has determined that a petition for writ of habeas corpus, not a § 1983 action, is the appropriate remedy for state prisoners attacking the . . . fact or length of their confinement"); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citations omitted).

Here, Plaintiff seeks damages based on an allegedly unlawful sentence imposed as the result of a plea entered into after burglary conviction. ECF No. 1 at 3. *Heck*'s prohibition applies to convictions resulting from a guilty plea. *Martell v. Cole*, 115 F.4th 1233, 1236 (9th Cir. 2024); *see also Duarte v. City of Stockton*, 60 F.4th 566, 571 (9th Cir. 2023) (noting that "*Heck* speaks of challenges that would impugn 'a conviction *or* sentence[.]'") (quoting *Heck*, 512 U.S. at 486–87 (emphasis added)). Because Plaintiff contends he was "made to serve two separate sentences," and as a result is currently serving a term of custody in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, *see* ECF No. 1 at 3, his suit necessarily attacks both the constitutional validity and length of his confinement, and may not proceed pursuant to § 1983 unless he also shows his conviction and/or sentence has already been invalidated. *Heck*, 512 U.S. at 486–87.

He has not. Plaintiff claims he "exhausted [his] habeas corpus," *see* ECF No. 1 at 6, but he does not identify the habeas proceedings he allegedly "exhausted," and more importantly, does not contend that his May 2023 conviction or sentence was invalidated in his favor as a result of that petition or any direct appeal. A plaintiff must first prove that his conviction or sentence has been favorably terminated—only then may he bring suit for damages. *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1196–98 (9th Cir. 2020); *Nettles*, 830 F.3d at 928. "Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983[.]" *Ramirez v. Galaza*, 334 F.3d 850, 855–56 (9th Cir. 2003) (quoting *Heck,* 512 U.S. at 489*); see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

### D.   Dismissal & Leave to Amend

Because the Court finds Plaintiff both fails to state a claim upon which § 1983 relief may be granted, and seeks monetary damages from a defendant who is immune, it **DISMISSES** his complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121; *Chavez*, 817 F.3d at 1167. As Plaintiff cannot fix both these pleading deficiencies, the Court **DENIES** leave to amend as futile. *See Beets v. County of Los Angeles*, 669 F.3d 1038, 1041–42 (9th Cir. 2012) (holding that the filing of an amended complaint is futile if claims are barred by *Heck*), *disapproved of on other grounds by Lemos v. County of Sonoma*, 40 F.4th 1002 (9th Cir. 2022); *Bell v. Allison*, No. 20-16880, 2022 WL 4077119, at *1 (9th Cir. Sept. 6, 2022) (affirming dismissal of *Heck*-barred claims without leave to amend because "amendment would be futile"); *Gallagher v. Univ. of Cal., Hastings Coll. of the L.*, No. 01-cv-01277-PJH, 2001 WL 1006809, at *4 (N.D. Cal. Aug. 16, 2001) ("The dismissal is without leave to amend

25-cv-2365-RSH-VET

because an amendment would be futile in view of the court's finding that the defendants enjoy sovereign immunity.") (citations omitted).

## III.   CONCLUSION

Accordingly, for all the reasons discussed, the Court:

1)   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2)   **ORDERS** the Facility Commander of the San Diego Central Jail, or his designee, to garnish from Plaintiff's trust account the full $350 filing fee owed for this case, and to forward in monthly payments an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in his account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

4)   **DISMISSES** this civil action in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and

5)   **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the case.

**IT IS SO ORDERED.**

Dated: February 9, 2026

_Robert S Huie_
Hon. Robert S. Huie
United States District Judge

25-cv-2365-RSH-VET